UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EDWARD REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-03223-JPH-TAB |
| | ) | |
| BOONE COUNTY JAIL, | ) | |
| MIKE NIELSEN Sheriff, | ) | |
| | ) | |
| Defendants. | ) | |

### Order Directing Further Proceedings

Plaintiff Edward Reynolds has filed a complaint alleging that his rights were violated while he was incarcerated in the Boone County Jail. As discussed in this order, Mr. Reynolds shall have **through March 3, 2021**, to pay the filing fee or demonstrate he lacks the financial ability to do so and to file an amended complaint.

### I.      Payment of Filing Fee

Mr. Reynolds shall have **through March 3, 2021**, in which to either pay the $402.00 filing fee for this action or demonstrate that he lacks the financial ability to do so. If he seeks leave to proceed *in forma pauperis*, his request must be accompanied by a copy of the "Non-Prisoner Request to Proceed in District Court Without Preparing the Filing Fee" form.

### II.      Screening of the Complaint

#### A. Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Reynolds are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

**B. Plaintiff's Complaint**

Mr. Reynolds brings this action under 42 U.S.C. § 1983. He names two defendants: the Boone County Jail and Sheriff Mike Nielsen. In the complaint, Mr. Reynolds alleges that the conditions of his confinement in the Boone County Jail violate the Eighth Amendment because he was kept next to a carport with temperatures below 60 degrees with only a shirt and two wool blankets to stay warm. He also alleges that the Veterans Hospital advised Sheriff Nielsen of Mr. Reynolds's prescribed medications, but the sheriff did not advise jail staff, so he did not receive his medication.

Based on the screening standard, Mr. Reynolds's complaint must be dismissed.

All claims against the Boone County Jail are **dismissed** for failure to state a claim upon which relief can be granted. The Boone County Jail is a building, and "a building is not a person capable of being sued under 42 U.S.C. § 1983." *White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018), *cert. denied*, 139 S. Ct. 107 (2018); *Looney v. Miami Corr. Facility*, No. 3:18-cv-008-PPS-MGG, 2018 WL 1992197, *2 (N.D. Ind. Apr. 27, 2018) (dismissing Miami Correctional Facility).

Mr. Reynolds may have viable claims that Sheriff Nielsen was deliberately indifferent to Mr. Reynolds's medical needs and subjected him to unconstitutional living conditions. However,

Mr. Reynolds filed his complaint via email, and the complaint is missing relevant information such as the dates of his incarceration, what harm he suffered, and his request for relief. Accordingly, the Court will provide Mr. Reynolds **through March 3, 2021** to amend his complaint by filling out a Complaint Form and returning it to the Court. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

Any amended complaint should have the case number, No. 1:20-cv-03223-JPH-TAB, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation Mr. Reynolds wishes to pursue in this action. The amended complaint will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

### III.    Conclusion

Mr. Reynolds shall have **through March 3, 2021**, to pay the $402.00 filing fee or demonstrate his inability to do so and to file an amended complaint. Failure to act by this date may result in dismissal of this action without further notice.

The **clerk is directed** to send Mr. Reynolds a copy of the "Non-Prisoner Request to Proceed in District Court Without Preparing the Filing Fee" form and Complaint Form with his copy of this order.

**SO ORDERED.**

Date: 2/3/2021

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

EDWARD REYNOLDS
5965 Grassy Road
Lebanon, IN 46052